Citation Nr: 1602925 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 10-03 839 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUE

Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disability. 


REPRESENTATION

Veteran represented by: California Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

P. Lopez, Associate Counsel


INTRODUCTION

The Veteran served on active duty from April 1949 to September 1952.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Oakland, California.

The Board previously considered this matter in May 2012, at which time it granted service connection (under 38 U.S.C.A. § 1151) for a right shoulder rotator cuff injury and remanded for readjudication of the TDIU claim.

The Veteran testified before the undersigned Veterans Law Judge (VLJ) at a hearing held at the RO in February 2012. A transcript of that hearing is of record.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran contends that he is unemployable due to his service connection right shoulder disability. See March 2008 claim. At his February 2012 Board hearing, he reported that he was unable to work as a visual artist due to his right shoulder disability. In this regard, he stated that he could not lift his right arm, as he had a limited range of motion, that such limitations did not exist before the October 2007 injury that was the basis for the grant of service connection for his right shoulder, and that his last completed painting preceded that date. He further stated that prior to the October 2007 injury he had been commissioned by an arts council to paint a mural. The Veteran provided testimony that shows that he is an accomplished visual artist, whose work has been acquired by prominent art institutions.

The Veteran is currently in receipt of a single 20 percent rating for his service-connected right shoulder rotator cuff injury. As such, he does not meet the schedular percentage threshold for a TDIU. See 38 C.F.R. § 4.16(a). Nevertheless, there is evidence of unemployability during the period on appeal. Accordingly, the case must be remanded for referral to the Director, Compensation and Pension Service, for a consideration of whether a TDIU is warranted on an extraschedular basis. See 38 C.F.R. § 4.16(b). In addition, the Board finds that a VA examination as to the functional impairment caused by the Veteran's service-connected right should disability would be helpful. See Chotta v. Peake, 22 Vet. App. 80 (2008). The Veteran was last afforded a VA examination in October 2008.

The Board also notes that the last VA treatment records to be associated with the claims file are dated March 2009. On remand, the AOJ should obtain any outstanding VA treatment records related to the Veteran's right shoulder disability.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain any outstanding VA treatment records pertinent to the Veteran's service-connected disabilitiy from March 2009 forward. All requests and responses for the records must be documented in the claims file. If any identified records cannot be obtained, notify the appellant of the missing records, the efforts taken and any further efforts that will be made by VA to obtain such evidence, and allow him an opportunity to provide the missing records.

2. Thereafter, schedule the Veteran for a VA examination. Review of the claims file should be noted in the examiner's report.

The examiner is requested to describe the functional impairment caused by the Veteran's service-connected right should disability and to state how it might impact the Veteran's ability to work. Consideration should be given to the Veteran's level of education, special training, and previous work experience. In this regard, the Board notes that the Veteran has earned his living as an art director and a visual artist for 40 to 50 years. During the February 2012 Board hearing, the Veteran stated that he is unable to raise his right arm and has not completed a painting since the October 2007 injury during VA treatment.

3. Thereafter, the Veteran's claim should be submitted to the Director, Compensation and Pension Service, for extraschedular consideration of a TDIU, i.e., an opinion as to whether service-connected disabilities preclude him from securing and following gainful employment.

4. Readjudicate the issues remaining on appeal. If any benefit sought on appeal remains denied, issue a supplemental statement of the case before returning the case to the Board, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 


All claims remanded for additional development or other appropriate action must be handled expeditiously. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



_________________________________________________
Eric S. Leboff 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).